**Opinion filed December 30, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00216-CR

_____

## CLARENCE EDWARD WEAVER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 413th District Court**

**Johnson County, Texas**

**Trial Court Cause No. F40449**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community supervision. We dismiss.

The trial court originally convicted Clarence Edward Weaver, upon his plea of guilty, of theft and assessed his punishment at confinement in a state jail facility for two years. Pursuant to the plea bargain agreement, the imposition of the sentence was suspended, and appellant was placed on community supervision for five years. At the hearing on the State's motion to revoke, appellant entered pleas of true to the allegations that he had violated the terms and conditions of his community supervision. The trial court found the allegations to be true, revoked appellant's

community supervision, and imposed a sentence of confinement for twenty-four months in a state jail facility.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel presents three potential points of error.

First, counsel examines whether appellant was properly admonished as to the range of possible punishment. As counsel notes, appellant was properly admonished when he entered his original guilty plea, and further admonishment at the revocation hearing was not required. The first potential point is overruled.

Second, counsel considers whether the trial court abused its discretion by finding the allegations to be true. As counsel notes, a plea of true alone is sufficient to support the trial court's determination to revoke. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). The second potential point is overruled.

Third, counsel reviews the punishment assessed to determine if the trial court erred. Counsel observes that the punishment assessed was within the range for the offense of theft as defined by TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (Vernon Supp. 2009). A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). The third potential point is overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has not been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise

appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66.  *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 30, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

3